## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| **JOHN WHITE,** | * | |
| | * | |
| **Plaintiff,** | * | **CIVIL ACTION** |
| | * | **NO. _____** |
| v. | * | |
| | * | |
| | * | |
| | * | |
| **LLOYD GILLESPIE,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

*******************************************

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, John White, and for his Complaint against Defendant, Lloyd Gillespie ("Gillespie" or "Defendant"), seeking damages arising from Defendant's conversion of certain pieces of equipment owned by Plaintiff, respectfully alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff, John White, is a person of full age of majority who is a citizen of the state of Louisiana.

2.

Defendant, Lloyd Gillespie, is a person of full age of majority who is a citizen of the state of Texas.

3801874v1

3.

Defendant Lloyd Gillespie may be served at 279 County Road 303, Nacogdoches, Texas 75961, Nacogdoches County or wherever else he may be found.

4.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and Plaintiff and Defendant are citizens of different states, creating diversity of citizenship.

5.

Venue is appropriate pursuant to 28 U.S.C. § 1391 because Defendant resides in the Eastern District of Texas and because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in the Eastern District of Texas.

## FACTUAL ALLEGATIONS

6.

Plaintiff seeks damages arising from the conversion by Defendant of the following equipment (the "Converted Equipment"):

| Manufacturer | Description | Year Model | Serial Number |
| --- | --- | --- | --- |
| Caterpillar | Unit #36 CP 56 Roller | 2013 | 0C5P00680 |
| Caterpillar | Unit #41 D6T XWVP | 2013 | CAT00D6TCRCW01165 |
| Caterpillar | Unit #40 D6T | 2013 | 0GMK00555 |

7.

The Converted Equipment had a combined original purchase price of more than $800,000. The combined current market value of the Converted Equipment has been calculated to be in excess of $400,000.

8.

The Converted Equipment was purchased, with other equipment, by Plaintiff from Greenleaf Resources, Inc. ("Greenleaf") pursuant to a Bill of Sale dated effective as of September 5, 2017. A true and correct copy of the Bill of Sale is attached hereto as Exhibit A.

9.

Plaintiff purchased the Converted Equipment using funds loaned to Plaintiff by Texas State Bank. The funds advanced by Texas State Bank were secured by, among other collateral, the Converted Equipment. Texas State Bank filed UCC financing statements, copies of which are attached hereto as Exhibit B, in the public records in connection with the loan of funds to Plaintiff to purchase the Converted Equipment.

10.

During the time the Converted Equipment was owned by Greenleaf, Greenleaf had financed the Converted Equipment with Caterpillar Financial Services Corporation. In connection with the purchase by Plaintiff of the Converted Equipment from Greenleaf, Plaintiff obtained payoff statements, true and correct copies of which are attached hereto as Exhibit C, for the Converted Equipment.

11.

Contemporaneously with the Bill of Sale between Plaintiff and Greenleaf, Plaintiff paid off the remaining balances owed to Caterpillar Financial Services Corporation for the Converted Equipment. The liens and other rights held by Caterpillar Financial Services Corporation with respect to the Converted Equipment were extinguished upon payment by Plaintiff.

12.

After Plaintiff purchased the Converted Equipment from Greenleaf, Plaintiff initially leased the Converted Equipment back to Greenleaf for use. When Greenleaf ceased operations in

2021, Plaintiff took back possession of the Converted Equipment, which was moved to, and stored at, a timber farm located near Zavalla, Texas.

13.

In or about April or May 2022, Defendant, personally and/or through persons acting on his behalf and at his direction, traveled to the timber farm near Zavalla, Texas, and arranged for the Converted Equipment to be removed from the yard and taken to a location designated by Defendant.

14.

Plaintiff contacted Defendant through counsel to inform Defendant that Defendant had taken equipment owned by Plaintiff.

15.

Despite Plaintiff's amicable demand on Defendant, Defendant has failed and/or refused to return the Converted Equipment.

16.

Defendant has further taken the position in the past that he and/or an entity with which he is affiliated purchased certain promissory notes and/or other rights from Caterpillar Financial Services Corporation that he claims vested him with rights to the Converted Equipment. Defendant has nonetheless failed to provide any proof of any such rights, and Plaintiff paid off the amounts owed to Caterpillar Financial Services Corporation for the Converted Equipment at the time Plaintiff purchased the Converted Equipment from Greenleaf.

17.

An entity affiliated with Defendant recently asserted a demand in Texas state court seeking a declaration that the affiliated entity has superior rights than Plaintiff to certain equipment other than the Converted Equipment. The equipment detailed in that separate state

suit is separate from the Converted Equipment, and Plaintiff is not claiming that Defendant converted any equipment listed in the state-court action by Defendant's affiliated entity.

## COUNT ONE
## CONVERSION

18.

Plaintiff re-alleges and re-incorporates the foregoing paragraphs as if fully set forth herein.

19.

Pursuant to the Bill of Sale dated September 5, 2017, Plaintiff is the owner, and/or had entitlement to possession, of the Converted Equipment.

20.

In April or May 2022, Defendant unlawfully and without authorization assumed and exercised dominion and control over the Converted Equipment to the exclusion of Plaintiff and/or inconsistent with the Plaintiff's rights as an owner.

21.

Plaintiff demanded return of the Converted Equipment, and Defendant refused to return (and to otherwise show cause in any way to support his conversion of) the Converted Equipment. Defendant's unlawful dominion and control over the Converted Equipment continues to this day.

22.

Plaintiff seeks all resulting damages and other available relief arising from Defendant's conversion of the Converted Equipment, as well as costs of this proceeding and pre-and post-judgment interest.

## COUNT TWO
## ALTERNATIVE CLAIM FOR BREACH OF CONTRACT AND/OR WRONGFUL REPOSSESSION

23.

Plaintiff re-alleges and re-incorporates the foregoing paragraphs as if fully set forth herein.

24.

In response to Plaintiff's demand for return of the Converted Equipment, Defendant asserted he and/or an entity with which he is affiliated purchased certain promissory notes and/or other rights from Caterpillar Financial Services Corporation that he claims vested him with rights to the Converted Equipment.

25.

Plaintiff denies that Defendant and/or any affiliate of Defendant purchased any promissory note and/or other rights associated with the Converted Equipment. To the extent Defendant provides any support that he purchased any such note(s) or rights (which is denied), however, Defendant has breached his obligations with respect to those promissory notes and/or other rights, because Plaintiff paid off the indebtedness owed to Caterpillar Financial Services Corporation for the Converted Equipment at the time Plaintiff purchased the Converted Equipment pursuant to the Bill of Sale dated September 5, 2017.

26.

By taking the Converted Equipment, Defendant alternatively breached the underlying contract and/or wrongfully repossessed the Converted Equipment because the underlying obligations, if any, owed to Defendant had been extinguished by Plaintiff's payment to Caterpillar Financial Services Corporation in connection with the September 5, 2017, Bill of Sale.

3801874v1

27.

Plaintiff thus alternatively seeks all damages to which he is entitled as a result of Defendant's breach of contract and/or wrongful repossession of the Converted Equipment.

28.

Plaintiff further seeks recovery of his reasonable attorney's fees in connection with this claim pursuant to Texas Civil Practice & Remedies Code § 38.001(8).

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

Therefore, Plaintiff, John White, asks that this Court deem this Complaint good and sufficient and that, after due proceedings are had, this Court enter a Judgment in favor of Plaintiff and against Defendant awarding:

1. all damages to which Plaintiff is entitled;
2. attorneys' fees as prayed for herein;
3. costs and pre- and post-judgment interest; and
4. any other relief to which Plaintiff is legally entitled.

Respectfully submitted,

FAIRCHILD, PRICE, HALEY & SMITH, L.L.P
2341 DUELING OAKS, SUITE 100,
TYLER, TEXAS 75703
(903) 617-5276

BY: /S/RONALD D. STUTES
RONALD D. STUTES
BAR NO. 19452600