UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JOHN WHITE, | § § § § | |
| Plaintiff, | | |
| V. | § § § § § § § | CASE NO. 9:24-CV-00085-MJT |
| LLOYD GILLESPIE, | | |
| Defendant. | | |

## DEFENDANT'S FIRST AMENDED ANSWER

Defendant, Lloyd Gillespie, files this first amended answer to plaintiff John White's original complaint.

### I. PARTIES

1. Upon information and belief, Defendant admits Paragraph No. 1 of Plaintiff's Complaint.

2. Defendant admits Paragraph No. 2 of Plaintiff's Complaint.

3. Defendant admits Paragraph No. 3 of Plaintiff's Complaint.

### II. JURISDICTION

4. Paragraph 4. of Plaintiff's Complaint states a legal conclusion to which a response is not required. To the extent a response is deemed required, Defendant denies that this Court has jurisdiction over it in this action.

### III. VENUE

5. Paragraph 5 of Plaintiff's Complaint states a legal conclusion to which a response is not required.

## IV. FACTUAL ALLEGATIONS

6. Paragraph 6 of Plaintiff's Complaint states a legal conclusion to which a response is not required to the extent that damages, if any, arise from conversion. To the extent a response is deemed required, Defendant denies that he has committed conversion.

7. Defendant lacks knowledge or information to form a belief about the truth of the allegations of Paragraph 7 of Plaintiff's Complaint, and thus denies those allegations.

8. Defendant lacks knowledge or information to form a belief about the truth of the allegations of Paragraph 8 of Plaintiff's Complaint, and thus denies those allegations.

9. Defendant lacks knowledge or information to form a belief about the truth of the allegations of Paragraph 9 of Plaintiff's Complaint, and thus denies those allegations.

10. Defendant is without sufficient knowledge to admit or deny the allegations contained within Paragraph No. 10 of Plaintiff's Complaint, and thus denies those allegations.

11. Defendant lacks knowledge or information to form a belief about the truth of the allegations of Paragraph 11 of Plaintiff's Complaint, and thus denies those allegations.

12. Defendant lacks knowledge or information to form a belief about the truth of the allegations of Paragraph 12 of Plaintiff's Complaint, and thus denies those allegations.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint. Subject to that denial, Defendant admits that Gillespie Partners, Ltd. took possession of the Caterpillar Unit #36 CP 56 Roller with Serial Number 0C5P00680 and the Caterpillar Unit #40 D6T with Serial Number 0GMK00555. Defendant is the General Partner of Gillespie Partners, Ltd.

14. Defendant admits in Paragraph 14 of Plaintiff's Complaint that Plaintiff through counsel contacted Defendant related to equipment by letter dated May 25, 2022. Defendant denies that the contact only related to the equipment the subject of Plaintiff's Complaint referred to as the "converted equipment", but referred to twenty-four (24) pieces of equipment.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint. Defendant further shows that on July 10, 2023, Plaintiff through counsel appears to have abandoned his demand for return of the equipment and demanded payment of $400,000.00 in settlement.

16. Defendant admits in Paragraph 16 of Plaintiff's Complaint that Defendant purchased promissory notes from Caterpillar Financial Services Corporation. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits in Paragraph 17 that Gillespie Partners, Ltd. in Cause No. C2136841; <u>Gillespie Partners, Ltd. v. John White;</u> In the 145th Judicial District Court of Nacogdoches County, Texas, in Plaintiff's First Amended Petition, that Gillespie Partners, Ltd. has superior rights to the equipment the subject of the promissory notes purchased from Caterpillar Financial Services Corporation. Defendant denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant is not required to make a response to Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant is not required to make a response to Paragraph 23 of Plaintiff's Complaint.

24. Defendant admits that Defendant asserted in Cause No. C2136841; <u>Gillespie Partners, Ltd. v. John White;</u> In the 145th Judicial District Court of Nacogdoches County, Texas that Gillespie Partners, Ltd. purchased certain promissory notes and/or other rights from Caterpillar Financial Services Corporation. Defendant would show that the Bill of Sale attached as Exhibit A to Plaintiff's Complaint contains twenty-four (24) pieces of equipment and other equipment other than just the alleged "Converted Equipment".

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

## V. AFFIRMATIVE DEFENSES

29.     Defendant is not liable to Plaintiff because, on June 2, 2015, Greenleaf Resources, Inc. gave a Security Agreement to Gillespie Partners, Ltd. to secure a $700,000.00 Commercial Promissory Note from Greenleaf Resources, Inc. payable to Gillespie Partners, Ltd. The Collateral listed on the Security Agreement was "All equipment of Debtor". The note was guaranteed by John F. White, Jr., Plaintiff. A copy of the Security Agreement, Commercial Promissory Note, and the Guaranty Agreement are attached as Exhibit A. Plaintiff also guaranteed a $300,000.00 Commercial Promissory Note from Greenleaf Resources, Inc. payable to Gillespie Partners, Ltd. Copies are attached as Exhibit B. The security agreement lien on the equipment pre-dates and is superior to the September 5, 2017 Bill of Sale to Plaintiff. Defendant requests the Court to adjudicate the priority of the liens as to the equipment.

30.     Defendant is not liable to Plaintiff because Plaintiff is estopped contractually and equitably from the claims asserted in Plaintiff's Complaint related to the equipment. Plaintiff impliedly and expressly consented to the actions of Defendant related to the equipment.

31.     Defendant is not liable to Plaintiff because Plaintiff's claim of conversion is barred by limitations, which is two (2) years as provided in 16.003(a) Texas Civil Practice & Remedies Code. The equipment with Serial Nos. 0C5P00680 and 0GMK00555 were sold at the Ritchie Bros auction on June 16, 2021 for the price of $52,500.00 and $95,000.00, respectively.

32.     All pleadings by Defendant are subject to and not a waiver of Defendant's filing of motion for abstention as the claims herein are related to the claims in Cause No.

C2136841; <u>Gillespie Partners, Ltd. v. John White;</u> In the 145th Judicial District Court of Nacogdoches County, Texas.

33. Defendant is not liable to Plaintiff in that Plaintiff waived and released his right to possession of the equipment in favor of Defendant arising out of the debts owed by Plaintiff to Defendant referenced in Para. 29 above.

34. Defendant is entitled to set-off for amounts owed by Plaintiff to Defendant as referenced in Para. 29 above.

35. Defendant is not liable to Plaintiff in that Plaintiff failed to mitigate his damages, if any, by his abandonment of the equipment.

## VI. COUNTERCLAIM

36. Defendant, as General Partner of Gillespie Partners, Ltd. seeks judgment against Plaintiff for all unpaid sums guaranteed by Plaintiff arising out of the Guaranty referred to in Paragraph 29 above.

## VII. REQUEST FOR RELIEF

37. Defendant requests that Plaintiff be denied all relief requested by Plaintiff.

38. Defendant requests that the priority of the security interest between Plaintiff and Gillespie Partners, Ltd. on the alleged "converted equipment" be determined.

39. Defendant requests a judgment against Plaintiff on the Guaranty described in Paragraph 29 above.

40. All other relief to which Defendant may be justly entitled.

Respectfully submitted,

STRIPLING, PEDERSEN & FLOYD
P.O. Drawer 630870
Nacogdoches, Texas 75963-0870
Phone (936) 564-0445
Fax (936) 569-1232
billpedersen@striplinglaw.com

By _____
Bill Pedersen, Jr.
State Bar No. 15715000
Attorney for Defendant Lloyd Gillespie

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record via electronic mail in accordance with the Federal Rules of Civil Procedure on June 24, 2024.

_____
Bill Pedersen, Jr.
Attorney for Defendant Lloyd Gillespie