# COMMERCIAL PROMISSORY NOTE

Date: June 2, 2015          Amount: $700,000.00          Maturity Date: June 2, 2016

FOR VALUE RECEIVED, Greenleaf Resources, Inc., a Mississippi corporation (herein called "Borrower"), PROMISES TO PAY TO THE ORDER OF GILLESPIE PARTNERS, LTD., a Texas limited partnership (herein sometimes called the "Payee" or the "Lender"), at its offices in Nacogdoches County, Texas, the mailing address of which is P.O. Box 631107, Nacogdoches, Texas 75963, or elsewhere as the holder hereof may designate in writing, the principal sum of SEVEN HUNDRED THOUSAND AND NO/100 (700,000.00) DOLLARS, together with interest computed daily on the outstanding principal balance hereunder, at an annual interest rate, and in accordance with the payment schedule, indicated below.

1. **Interest Rate**. The Interest Rate shall be **TWELVE (12.0%) percent** fixed for the term of this loan.

2. **Payment Schedule**. This Note, both principal and interest, shall be due and payable as follows: Principal together with all accrued unpaid interest will be due and payable on or before June 2, 2016. All payments will be applied first to accrued interest and the balance to principal.

3. **Accrual Method**. Interest at the Rate set forth above will be calculated by the 30/360 calendar days in a year method.

4. **WAIVER OF RIGHT TO TRIAL BY JURY**: EACH PARTY HERETO HEREBY WAIVES ITS RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS AGREEMENT, THE OTHER TRANSACTION DOCUMENTS, THE SECURITIES OR THE SUBJECT MATTER HEREOF OR THEREOF. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT AND THAT RELATE TO THE SUBJECT MATTER OF THIS TRANSACTION, INCLUDING, WITHOUT LIMITATION, CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS.

5. **Waivers, Consents and Covenants**. Borrower, any indorser or guarantor hereof, and Obligor, all and each of them, jointly and severally: (a) waive presentment, demand, protest, notice of demand, notice of intent to accelerate, notice of acceleration of maturity, notice of protest, notice of nonpayment, notice of dishonor, and any other notice required to be given under the law to any Obligor in connection with the delivery, acceptance, performance, default or enforcement of this Note, any indorsement or guaranty of this Note, or any other documents executed in connection with this Note or any other note or other loan documents now or hereafter executed in connection with any obligation of Borrower to Lender (the "Loan Documents"); (b) consent to all delays, extensions, renewals or other modifications of this Note or the Loan Documents, or waivers of any term hereof or of the Loan Documents, or release or discharge by Lender of any of Obligor, or release, substitution or exchange of any security for the payment hereof, or the failure to act on

Greenleaf Resources, Inc.
Commercil Note

**EXHIBIT A**

EXHIBIT 5

the part of Lender, or any indulgence shown by Lender (without notice to or further assent from any of Obligor), and agree that no such action, failure to act or failure to exercise any right or remedy by Lender shall in any way affect or impair the obligations of any Obligor or be construed as a waiver by Lender of, or otherwise affect, any of Lender's rights under this Note, under any indorsement or guaranty of this Note or under any of the Loan Documents; and (c) agree to pay, on demand, all costs and expenses of collection or defense of this Note or of any indorsement or guaranty hereof and/or the enforcement or defense of Lender's rights with respect to, or the administration, supervision, preservation, or protection of, or realization upon, any property securing payment hereof, including, without limitation, reasonable attorney's fees, including fees related to any suit, mediation or arbitration proceeding, out of court payment agreement, trial, appeal, Lenderruptcy proceedings or other proceeding, in such amount as may be determined reasonable by any arbitrator or court, whichever is applicable.

6.  **Prepayments**. Prepayments may be made in whole or in part at any time.

7.  **Events of Default**. The following are events of default hereunder: (a) the failure to pay or perform any obligation, liability or indebtedness of Borrower or any Obligor to Lender, or to any affiliate or subsidiary of the Lender., whether under this Note or any Loan Documents, within five (5) days of the due date (whether upon demand, at maturity or by acceleration); (b) the failure to pay or perform any other obligation, liability or indebtedness of Borrower or Obligor to any other party; (c) the resignation or withdrawal of any partner or a material owner/guarantor of Borrower, as determined by Lender in its sole discretion; (d) the commencement of a proceeding against any Obligor for dissolution or liquidation, the voluntary or involuntary termination or dissolution of any Obligor or the merger or consolidation of any Obligor with or into another entity; (e) the insolvency of, the business failure of, the appointment of a custodian, trustee, liquidator or receiver for or for any of the property of, the assignment for the benefit of creditors by, or the filing of a petition under Lenderruptcy, insolvency or debtor's relief law or the filing of a petition for any adjustment of indebtedness, composition or extension by or against any Obligor; (f) the determination by Lender that any representation or warranty made to Lender by Borrower or any Obligor in any Loan Documents or otherwise is or was, when it was made, untrue or materially misleading; (g) the failure of Borrower or Obligor hereunder to timely deliver within fifteen (15) days such financial statements, including tax returns, other statements of condition or other information, as Lender shall request from time to time; (h) the entry of a judgment against any Obligor which Lender deems to be of a material nature, in Lender's sole discretion; (i) the seizure or forfeiture of, or the issuance of any writ of possession, garnishment or attachment, or any turnover order for any property of any Obligor; (j) the determination by Lender that it is insecure for any reason; (k) the determination by Lender that a material adverse change has occurred in the financial condition of Borrower; (l) the failure of Borrower's business to comply with any law or regulation controlling its operation; or (m) any breach by Borrower of the terms and conditions set forth in the Security Agreement executed on even date herewith made by Borrower described in Paragraph 15, below.

8.  **Remedies upon Default**. Whenever there is a default under this Note (a) the entire balance outstanding hereunder and all other obligations of the Borrower and any Obligor hereunder to Lender (however acquired or evidenced) shall, at the option of Lender, become immediately due and payable and any obligation of Lender to permit further borrowing under this

Greenleaf Resources, Inc.
Commercil Note

2

EXHIBIT 5

Note shall immediately cease and terminate, and or (b) to the extent permitted by law, the Rate of interest on the unpaid principal shall be increased at Lender's discretion up to the maximum rate allowed by law, or if none, 18% per annum (the "Default Rate"). The provisions herein for a Default Rate shall not be deemed to extend the time for any payment hereunder or to constitute a "grace period" giving Borrower and any Obligor hereunder a right to cure any default. At Lender's option, any accrued and unpaid interest, fees or charges may, for purposes of computing and accruing interest on a daily basis after the due date of the Note or any installment thereof, be deemed to be a part of the principal balance, and interest shall accrue on a daily compounded basis after such date at the Default Rate provided in this Note until the entire outstanding balance of principal and interest is paid in full. Upon a default under this Note, Lender is hereby authorized at any time, at its option and without notice or demand, to set off and charge against any deposit accounts of any Borrower and any Obligor hereunder (as well as any money, instruments, securities, documents, chattel paper, credits, claims, demands, income and any other property, rights and interests of Borrower and any Obligor hereunder), which at any time shall come into the possession or custody or under the control of Lender or any of its agents, affiliates or correspondents, any and all obligations due hereunder. Additionally, Lender shall have all rights and remedies available under each of the Loan Documents, including the Security Agreement described in Paragraph No. 15 below, as well as all rights and remedies available at law or in equity.

9. **Non-Waiver**. The failure at any time of Lender to exercise any of its options or any other rights hereunder shall not constitute a waiver thereof, nor shall it be a bar to the exercise of any of its options or rights at a later date. All rights and remedies of Lender shall be cumulative and may be pursued singly, successively or together, at the option of Lender. The acceptance by Lender of any partial payment shall not constitute a waiver of any default or of any of Lender's rights under this Note. No waiver of any of its rights hereunder, and no modification or amendment of this Note, shall be deemed to be made by Lender unless the same shall be in writing, duly signed on behalf of Lender; each such waiver shall apply only with respect to the specific instance involved, and shall in no way impair the rights of Lender or the obligations of Obligor to Lender in any other respect at any other time.

10. **Applicable Law, Venue and Jurisdiction**. Borrower agrees that this Note shall be deemed to have been made in the State of Texas and shall be governed by, and construed in accordance with, the laws of the State of Texas and is performable in the City and County of Nacogdoches, Texas, in any litigation in connection with or to enforce this Note or any indorsement or guaranty of this Note or any Loan Documents. Obligor, and each of them, irrevocably consent to and confer personal jurisdiction on the courts of the State of Texas or the United States courts located within the State of Texas. Nothing contained herein shall, however, prevent Lender from bringing any action or exercising any rights within any other state or jurisdiction or from obtaining personal jurisdiction by any other means available under applicable law.

11. **Partial Invalidity**. The unenforceability or invalidity of any provision of this Note shall not affect the enforceability or validity of any other provision herein and the invalidity or unenforceability of any provision of this Note or of the Loan Documents to any person or circumstance shall not affect the enforceability or validity of such provision as it may apply to other persons or circumstances.

12. **Binding Effect.** This Note shall be binding upon and inure to the benefit of Borrower, Obligor and Lender and their respective successors, assigns, heirs and personal representatives, provided, however, that no obligations of Borrower or Obligor hereunder can be assigned without prior written consent of Lender.

13. **Controlling Document.** To the extent that this Note conflicts with or is in any way incompatible with any other document related specifically to the loan evidenced by this Note, this Note shall control over any other such document, and if this Note does not address an issue, then each other such document shall control to the extent that it deals most specifically with an issue.

14. **Business and Commercial Purposes for Loan.** Borrower represents to Lender that the proceeds of this loan are to be used primarily for business, commercial or agricultural purposes. Borrower acknowledges having read and understood, and agrees to be bound by, all terms and conditions of this Note. Borrower further admits and stipulates that this Note is for commercial purposes as that term is defined by the Texas Finance Code.

15. **Security Agreement.** This Note is secured for payment by a Deed of Trust-Security Agreement-Financing Statement of even date herewith granting to **Bill Pedersen, Jr.,** Trustee, a Deed of Trust Lien on that certain real property described as follows, to-wit:

**Property (including any improvements):** Being 16.54 acres of land, more or less, in Ward County, Texas, being the same land described in that Warranty Deed dated November 12, 2013, frm Jess Anthony, LLC, et al to Greenleaf Resources, Inc., which is recorded in Volume 989, Page 189, of the Official Public Records of Ward County, record reference to which deed is here made for descriptive purposes, and which is also described in Exhibit A which is attached hereto and incorporated herein by reference for descriptive purposes; and,

this Note is also secured for payment by one Security Agreement by and between **Borrower** (as "debtor" therein) and Lender (as "secured party" therein) of even date herewith granting to Lender a security interest lien in and to equipment Borrower located on the above described land..

16. **Insurance.** TEXAS FINANCE CODE SECTION 307.052 COLLATERAL PROTECTION INSURANCE NOTICE: (A) BORROWER IS REQUIRED TO: (i) KEEP THE PROPERTY INSURED AGAINST DAMAGE IN THE AMOUNT LENDER SPECIFIES; (ii) PURCHASE THE INSURANCE FROM AN INSURER THAT IS AUTHORIZED TO DO BUSINESS IN THE STATE OF TEXAS OR AN ELIGIBLE SURPLUS LINES INSURER; AND (iii) NAME LENDER AS THE PERSON TO BE PAID UNDER THE POLICY IN THE EVEN OF A LOSS; (B) MORTGAGOR MUST, IF REQUIRED BY LENDER, DELIVER TO LENDER A COPY OF THE POLICY AND PROOF OF THE PAYMENT OF PREMIUMS; AND (C) IF BORROWER FAILS TO MEET ANY REQUIREMENT LISTED IN PARAGRAPH (A) OR (B), LENDER MAY OBTAIN COLLATERAL PROTECTION INSURANCE ON BEHALF OF BORROWER AT BORROWER'S EXPENSE.

17. **Pre-suit Notice Regarding Legal Compliance.** Prior to initiating any claim that either this Note or the Deed of Trust which it secures or both or any other document ancillary

to either said of said instruments, or any action or inaction by Lender, or by any other person, is legally non-compliant, illegal or unenforceable. Borrower must provide Lender with a detailed written notice of Borrower's claim and relief requested and a reasonable opportunity of not less than 60 days to cure the claim. Any notice to Lender must be sent by certified mail, return receipt requested, at Lender's address shown hereinabove, to the attention of Lender's Chief Executive Officer. Any corrective action shall reliever Lender of any liability to the extent permitted by law. To the extent permitted by law, this requirement for pre-suit notice is cumulative of any notices and corrective-action procedures required by applicable law.

18. **Compliance**. It is the intention of Lender and Borrower to comply with applicable law. In each and every instance, Lender's rights are limited by applicable law (to the extent that same may not be lawfully waived), construed so as to comply with applicable laws, and such rights may not be exercised except to the extent permitted by applicable law.

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS NOTE.

"BORROWER":
Greenleaf Resources, Inc.

By:_____
Edgar L. Vines, Jr., President

to either said of said instruments, or any action or inaction by Lender, or by any other person, is legally non-compliant, illegal or unenforceable. Borrower must provide Lender with a detailed written notice of Borrower's claim and relief requested and a reasonable opportunity of not less than 60 days to cure the claim. Any notice to Lender must be sent by certified mail, return receipt requested, at Lender's address shown hereinabove, to the attention of Lender's Chief Executive Officer. Any corrective action shall reliever Lender of any liability to the extent permitted by law. To the extent permitted by law, this requirement for pre-suit notice is cumulative of any notices and corrective-action procedures required by applicable law.

18. **Compliance**. It is the intention of Lender and Borrower to comply with applicable law. In each and every instance, Lender's rights are limited by applicable law (to the extent that same may not be lawfully waived), construed so as to comply with applicable laws, and such rights may not be exercised except to the extent permitted by applicable law.

**PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. BORROWER AGREES TO THE TERMS OF THE NOTE.**

**BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS NOTE.**

"BORROWER":
Greenleaf Resources, Inc.

By: _____
Edgar L. Vines, Jr., President



# LEGAL DESCRIPTION

A 16.54 acre tract of land located in Section 63, Block N, G. & M.M.B. & A. Survey, Ward County, Texas, and being more particularly described as follows:

**BEGINNING** at a ½" iron rod with cap marked "RPLS 4983" set in the Easterly right-of-way line of State Highway 18 (right-of-way recorded in Volume 158, page 523, Deed Records), for the Southwest corner of this tract, from which the Southeast corner of said Section 63 bears S.5°00'45"W. 3530.1 feet and N.73°40'45"E. 4310.5 feet; (Bearings are compared to the Texas Coordinate System of 1983, Central Zone. Distances and area are surface.)

**THENCE** N.5°00'45"E., along said Easterly right-of-way line of State Highway 18, a distance of 875.2 feet to a ½" iron pipe with cap marked "TRUMAN GASKIN 630" found for the Northwest corner of this tract;

**THENCE** N.73°15'45"E. 871.2 feet to a ½" iron rod with cap marked "RPLS 4983" set for the Northeast corner of this tract;

**THENCE** S.5°00'45"W. 904.2 feet to a ½" iron rod with cap marked "RPLS 4983" set for the Southeast corner of this tract;

**THENCE** S.75°03'50"W. 860.8 feet to the PLACE OF BEGINNING.

EXHIBIT "A"

EXHIBIT 5