# Deed of Trust

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.**

## Basic Information

Date: July 3, 2018

Grantor: Greenleaf Resources, Inc.

Grantor's Mailing Address: *P.O. Box 390, Monahans, Tx. 79756*

Trustee: Robyn Gillespie

Trustee's Mailing Address: PO Box 633210
Nacogdoches, Texas 75963

Lender: Gillespie Partners, Ltd.

Lender's Mailing Address: PO Box 631107
Nacogdoches, Texas 75963

Obligation

    Note

        Date: July 3, 2018

        Original principal amount: One Hundred Forty-Four Thousand and No/100 Dollars ($144,000.00)

        Borrower: Greenleaf Resources, Inc.

        Lender: Gillespie Partners, Ltd.

        Maturity Date: February 3, 2020

Property: Being 16.54 acres of land, more or less, in Ward County, Texas, being the same land described in that Warranty Deed dated November 12, 2013, from Jess Anthony, LLC, et al to Greenleaf Resources, Inc., which is recorded in Volume 989, Page 189 of the Official Public Records of Ward County, record reference to which deed is hereby

EXHIBIT 12

made for descriptive purposes, and which is also described in Exhibit A attached hereto.

Prior Lien: The Grantor has executed that certain Secured Promissory Note, dated July 3, 2018, payable to the order of John F. White, Jr. (the "Senior Lender") (as from time to time amended, restated, supplemented, modified, renewed, extended, refinanced, refunded, or replaced, the "Senior Note"), evidencing a loan in the principal amount of $1,050,000.00 by Senior Lender to Grantor (the "Senior Loan"). The Senior Note and the total indebtedness evidenced thereby are secured by that certain Deed of Trust, Security Agreement, and Fixture Filing (as from time to time amended, restated, supplemented, modified, renewed, extended, refinanced, refunded, or replaced, the "Senior Deed of Trust") entered into by Grantor to Robert T. Cain, Jr., as trustee, for the benefit of the Senior Lender, dated as of July 3, 2018, and recorded on or about July 5, 2018 in the official records of the Clerk of Court of Ward County, Texas.

Gillespie Partners, Ltd., as subordinate lender, unconditionally subordinates its lien on, and all other rights and interests in, the title to the Property resulting from this Deed of Trust to the lien on, and all other rights and interests in, the title to the Property resulting from the Senior Deed of Trust. Gillespie Partners, Ltd. acknowledges that the lien priorities provided in this Section shall not be altered or otherwise affected by any amendment, modification, supplement, extension, renewal, restatement, or refinancing of any of the Senior Loan documents, and that the Senior Loan may be refinanced, without notice to, or the consent of, Gillespie Partners, Ltd., without affecting the lien subordination. In the event that the Senior Loan is refinanced with another lender for any reason, including, without limitation, by Texas State Bank, Gillespie Partners, Ltd. agrees at the request of Grantor or Senior Lender to execute and deliver a subordination agreement in favor of such new lender containing the same lien priorities as set forth in this Section.

Other Exceptions to Conveyance and Warranty:     None

### A. Granting Clause

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor's expense.

### B. Grantor's Obligations

*B.1.* Grantor agrees to maintain all property and liability insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender, and as to property loss, that are payable to Lender under policies containing standard mortgagee clauses, and deliver

EXHIBIT 12

evidence of the Required Insurance Coverages in a form acceptable to Lender before execution of this deed of trust and again at least ten days before the expiration of the Required Insurance Coverages.

    B.2.    Grantor agrees to -

        a.    keep the Property in good repair and condition;

        b.    pay all taxes and assessments on the Property before delinquency, not authorize a taxing entity to transfer its tax lien on the Property to anyone other than Lender, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

        c.    defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

        d.    obey all laws, ordinances, and restrictive covenants applicable to the Property;

        e.    keep any buildings occupied as required by the Required Insurance Coverages;

        f.    if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

        g.    notify Lender of any change of address.

## C.   Lender's Rights

    C.1.    Lender or Lender's mortgage servicer may appoint in writing one or more substitute trustees, succeeding to all rights and responsibilities of Trustee.

    C.2.    If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

    C.3.    Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantor's primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the property insurance proceeds available to Grantor for repairs.

EXHIBIT 12

C.4. Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

C.5. If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations, and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

C.6. **COLLATERAL PROTECTION INSURANCE NOTICE**

**In accordance with the provisions of section 307.052(a) of the Texas Finance Code, the Beneficiary hereby notifies the Grantor as follows:**

    **(A)    the Grantor is required to:**

        **(i)    keep the collateral insured against damage in the amount the Lender specifies;**

        **(ii)    purchase the insurance from an insurer that is authorized to do business in the state of Texas or an eligible surplus lines insurer; and**

        **(iii)    name the Lender as the person to be paid under the policy in the event of a loss;**

    **(B)    the Grantor must, if required by the Lender, deliver to the Lender a copy of the policy and proof of the payment of premiums; and**

    **(C)    if the Grantor fails to meet any requirement listed in Paragraph (A) or (B), the Lender may obtain collateral protection insurance on behalf of the Grantor at the Grantor's expense.**

C.7. If a default exists in payment of the Obligation or performance of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may -

    a.    declare the unpaid principal balance and earned interest on the Obligation immediately due;

4

EXHIBIT 12

    b.     exercise Lender's rights with respect to rent under the Texas Property Code as then in effect;

    c.     direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

    d.     purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

*C.8.* Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

## D. Trustee's Rights and Duties

If directed by Lender to foreclose this lien, Trustee will -

*D.1.* either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

*D.2.* sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

*D.3.* from the proceeds of the sale, pay, in this order -

    a.     expenses of foreclosure, including a reasonable commission to Trustee;

    b.     to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

    c.     any amounts required by law to be paid before payment to Grantor; and

    d.     to Grantor, any balance; and

*D.4.* be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities, incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

EXHIBIT 12

## E. General Provisions

*E.1.* If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor does not, Grantor will be a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

*E.2.* Recitals in any trustee's deed conveying the Property will be presumed to be true.

*E.3.* Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

*E.4.* This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

*E.5.* If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

*E.6.* Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

*E.7.* Grantor collaterally assigns to Lender all present and future rent from the Property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the Obligation and performance of this deed of trust, but if the rent exceeds the amount due with respect to the Obligation and the deed of trust, Grantor may retain the excess. If a default exists in payment of the Obligation or performance of this deed of trust, Lender may exercise Lender's rights with respect to rent under the Texas Property Code as then in effect. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent collected under this paragraph as required by the Texas Property Code as then in effect. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies.

*E.8.* Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any

6

EXHIBIT 12

acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provisions overrides any conflicting provisions in this and all other instruments concerning the debt.

E.9. In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

E.10. When the context requires, singular nouns and pronouns include the plural.

E.11. The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

E.12. This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

E.13. If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

E.14. Grantor and each surety, endorser, and guarantor of the Obligation waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003, 51.004, and 51.005 of the Texas Property Code.

E.15. Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if an attorney is retained for its enforcement.

E.16. If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

E.17. The term *Lender* includes any mortgage servicer for Lender.

E.18. Grantor hereby grants Lender a right of first refusal with respect to Grantor's power to authorize any third party (other than Lender pursuant to its rights as set forth in this instrument) to pay ad valorem taxes on the Property and authorize a taxing entity to transfer its tax lien on the Property to that third party. Grantor's authorization to any third party (other than Lender) to pay the ad valorem taxes and receive transfer of a taxing entity's lien for ad valorem taxes shall be null and void and of no force and effect unless Lender, within ten days after receiving written notice from Grantor, fails to pay the ad valorem taxes pursuant to Lender's rights as set forth in this instrument.

EXHIBIT 12

*E.19.* Grantor represents that this deed of trust and the Note are given for the following purposes: Survives repayment as provided in <u>Release & Termination</u> dated July 3, 2018 between Grantor and Lender referenced to and made a part hereof.

GREENLEAF RESOURCES, INC.

By: _____
Edgar L. Vines, Jr., President

This instrument was acknowledged before me on the 6th day of July, 2018, by Edgar L. Vines, Jr., President of Greenleaf Resources, Inc.

_____
Notary Public

[Notary Seal: PHYLLIS WILLIAMS, Notary Public, State of Texas, Comm. Expires 05-09-2019, Notary ID 12860968-3]

8

EXHIBIT 12



EXHIBIT "A"

EXHIBIT 12