## Promissory Note

Date:        To be effective May 1, 2020

Borrower:    DF Contractors, LLC, a Texas limited liability company

Borrower's Mailing Address:      215 Colonial Hill Dr
                                 Lufkin, Texas 75901

Lender:    Gillespie Partners, Ltd.

Place for Payment:        8211 S. US Hwy 59
                          Nacogdoches, Texas 75964

Principal Amount:    One Hundred Ninety One Thousand Eight Hundred Seventy and No/100 Dollars ($191,870.00)

Annual Interest Rate:        Twelve Percent (12%)

Maturity Date:    September 1, 2020

Annual Interest Rate on Matured, Unpaid Amounts: Eighteen Percent (18%)

Terms of Payment (principal and interest):

The Principal Amount is due and payable on September 1, 2020, and the interest is due and payable at maturity. Payments will be applied first to accrued interest and the remainder to the reduction of the Principal Amount.

Borrower may prepay this note in any amount at any time before the Maturity Date without penalty or premium.

Security for Payment:

This note is secured by a deed of trust of even date from Borrower to Robyn Gillespie, Trustee, which covers the following real property: 16.54 acres of land, more or less, in Ward County, Texas, being the same land described in that Warranty Deed dated November 12, 2013 from Jess Anthony, LLC, et al. to Greenleaf Resources, Inc., which is recorded in Volume 989, Page 189, of the Official Public Records of Ward County, record reference to which deed is hereby made for descriptive purposes, and which is also described on Exhibit A attached hereto.

EXHIBIT 13

## Promise to Pay

Borrower promises to pay to the order of Lender the Principal Amount plus interest at the Annual Interest Rate. This note is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. If any amount is not paid either when due under the Terms of Payment or on acceleration of maturity, Borrower promises to pay any unpaid amount plus interest from the date the payment was due to the date of payment at the Annual Interest Rate on Matured, Unpaid Amounts.

## Defaults and Remedies

A default exists under this note if (1) Borrower defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note; (2)(a) Borrower or (b) any other person liable on any part of this note (an "Other Obligated Party") fails to timely pay or perform any obligation or covenant in any written agreement between Lender and Borrower or any Other Obligated Party other than as described in (1) above; (3) any representation in this note or in any other written agreement between Lender and Borrower or any Other Obligated Party is materially false when made; (4) a receiver is appointed for Borrower or an Other Obligated Party or any property on which a lien or security interest is created as security (the "Collateral Security") for any part of this note; (5) any Collateral Security is assigned for the benefit of creditors; (6) a bankruptcy or insolvency proceeding is commenced against Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party: (7)(a) a bankruptcy or insolvency proceeding is commenced against Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party, and (b) the proceeding continues without dismissal for sixty days, the party against whom the proceeding is commenced admits the material allegations of the petition against it, or an order for relief is entered: (8) Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party is terminated, begins to wind up its affairs, or is authorized to terminate or wind up its affairs by its governing body or persons, or any event occurs or condition exists that permits the termination or winding up of the affairs of Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; or (9) any Collateral Security is impaired by loss, theft, damage, levy and execution, issuance of an official writ or order of seizure, or destruction, unless it is promptly replaced with collateral security of like kind and quality or restored to its former condition.

Upon the occurrence of a default under this note, Lender may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due, and may exercise all other rights and remedies available at law or in equity.

## Waivers

Borrower waives, to the extent permitted by law, all (1) demand for payment, (2) presentation for payment, (3) notice of intention to accelerate maturity, (4) notice of acceleration of maturity, (5) protest, (6) notice of protest, (7) rights under sections 51.003,

EXHIBIT 13

51.004, and 51.005 of the Texas Property Code, and (8) rights under section 17.001 and chapter 43 of the Texas Civil Practice and Remedies Code and rule 31 of the Texas Rules of Civil Procedure.

## Attorney's Fees

Borrower also promises to pay reasonable attorney's fees and court and other costs if an attorney is retained to collect or enforce the note. These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. Borrower will pay Lender these expenses and interest on demand at the Place for Payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

## Interest Calculations

Interest on the debt evidenced by this note is computed on a 365/365 basis; that is, by applying the ratio of the interest rate over a year of 365 days, multiplied by the outstanding Principal Amount, multiplied by the actual number of days the Principal Amount is outstanding, unless such calculation would result in a usurious rate, in which case interest shall be calculated on a per diem basis of a year of 365 or 366 days, as the case may be. All interest payable under this note is computed using this method.

## Usury Savings

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the Principal Amount or, if the Principal Amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the Principal Amount or, if the Principal Amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

## Other Clauses

Each Borrower is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

DF CONTRACTORS, LLC

By:    David Frankens, Sole Member

3

EXHIBIT 13

For value received, I, David Frankens a/k/a David W. Frankens, absolutely, irrevocably, and unconditionally guarantee payment of this note according to its terms to the same extent as if I were Borrower on this note. I waive all demands and all notices, including notice of intention to accelerate maturity, notice of acceleration of maturity, notice of nonpayment or default, presentment for payment, protest, notice of protest, suit, and diligence. I also waive any notice of and defense based on the extension of time of payment or change in methods of payment or the release of any collateral securing this note and consent to all renewals, extensions, and other adjustments in the manner of payment of this note and any transfer of this note to any third party. This is an unconditional guaranty of payment and performance, not of collection, and it is an agreement of guaranty, not of suretyship. I waive defenses based on suretyship or impairment of collateral and all requirements of law, if any, that any collection efforts be made against Borrower or that any action be brought against Borrower before resorting to this guaranty, including rights under section 17.001 and chapter 43 of the Texas Civil Practice and Remedies Code and rule 31 of the Texas Rules of Civil Procedure.

_____
David Frankens a/k/a
David W. Frankens

For value received, I, John F. White, Jr., absolutely, irrevocably, and unconditionally guarantee payment of this note according to its terms to the same extent as if I were Borrower on this note. I waive all demands and all notices, including notice of intention to accelerate maturity, notice of acceleration of maturity, notice of nonpayment or default, presentment for payment, protest, notice of protest, suit, and diligence. I also waive any notice of and defense based on the extension of time of payment or change in methods of payment or the release of any collateral securing this note and consent to all renewals, extensions, and other adjustments in the manner of payment of this note and any transfer of this note to any third party. This is an unconditional guaranty of payment and performance, not of collection, and it is an agreement of guaranty, not of suretyship. I waive defenses based on suretyship or impairment of collateral and all requirements of law, if any, that any collection efforts be made against Borrower or that any action be brought against Borrower before resorting to this guaranty, including rights under section 17.001 and chapter 43 of the Texas Civil Practice and Remedies Code and rule 31 of the Texas Rules of Civil Procedure.

_____
John F. White, Jr.

4

EXHIBIT 13

# EXHIBIT A
## LEGAL DESCRIPTION

A 16.54 acre tract of land located in Section 63, Block N, G. & M.M.B. & A. SURVEY, Ward County, Texas, and being more particularly described as follows:

BEGINNING at a ½" iron rod with cap marked "RPLS 4983" set in the Easterly right-of-way line of State Highway 18 (right-of-way recorded in Volume 158, page 523, Deed Records), for the Southwest corner of this tract, from which the Southeast corner of said Section 63 bears S.5°00'45"W. 3530.1 feet and N.73°40'45"E. 4310.5 feet (Bearings are compared to the Texas Coordinate System of 1983, Central Zone. Distances and area are surface).

THENCE N.5°00'45"E., along said Easterly right-of-way line of State Highway 18, a distance of 875.2 feet to a ½" iron pipe with cap marked "TRUMAN GASKIN 630" found for the Northwest corner of this tract;

THENCE N.73°15'45"E. 871.2 feet to a ½" iron rod with cap marked "RPLS 4983" set for the Northeast corner of this tract;

THENCE S.5°00'45"W. 904.2 feet to a ½" iron rod with cap marked "RPLS 4983" set for the Southeast corner of this tract;

THENCE S.75°03'50"W. 860.8 feet to the PLACE OF BEGINNING.

EXHIBIT 13